UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,                                Criminal Case No. 07-20283
                                          Civil Case No. 17-12203
v.

Marcus Deangelo Lewis,              Honorable Sean F. Cox

      Defendant.

_____/

## ORDER DENYING
## MOTION UNDER 28 U.S.C. § 2255

In Criminal Case Number 07-20283, Defendant Marcus Deangelo Lewis ("Lewis") pleaded guilty to Counts One and Two of the Superceding Indictment. On May 20, 2009, this Court sentenced Lewis to a term of 183 months of imprisonment.

Lewis filed a direct appeal on November 22, 2011, which was denied by the United States Court of Appeals for the Sixth Circuit in an Opinion & Order issued on October 31, 2012.

Acting *pro se*, Lewis filed a "Motion For Correction Of Presentence Investigation Worksheet C" (Docket Entry No. 393) on July 18, 2014.

Although Lewis's motion was not titled as such, the relief requested appeared consistent with a motion to vacate sentence under 28 U.S.C. § 2255. On October 20, 2014, this Court issued an "Order Notifying Defendant Of Recharacterization And Directing Defendant To File Memorandum" (Docket Entry No 394) wherein the Court ordered Lewis to file a one-page memorandum indicating whether he agrees with the Court's intended characterization of his motion as one brought under § 2255.

On October 31, 2014, Lewis filed a One-Page Memorandum (Docket Entry No. 397) that indicates that his Motion was one brought under Fed. R. Crim. P. 36, rather than 28 U.S.C. § 2255. As such, this Court addressed the motion as one brought pursuant to Fed. R. Crim. P. 36 and denied the motion in an order issued on November 3, 2014. (Docket Entry No. 398).

Several weeks *after* this Court denied Lewis's Rule 36 motion, Lewis filed yet another "One-Page Memorandum." (Docket Entry No. 399). Having had this Court deny his Rule 36 motion, Lewis asked this Court to construe the denied motion as one brought under § 2255. This Court declined to do so in an Order issued on December 10, 2014. (Docket Entry No. 400). Lewis did not appeal that order.

On July 5, 2017, Lewis filed a motion titled "Second-In-Time § 2255 Motion" and Civil Action Number 17-12203 was opened. (Docket Entry No. 419).

As the Government's response in opposition to the motion and Lewis's reply brief both acknowledge, despite its title, the July 5, 2017 motion is Lewis's *first* § 2255 motion.

Lewis was sentenced on May 20, 2009 and his direct appeal was denied on October 31, 2012. Although his conviction became final in 2012, Lewis did not file his § 2255 motion until July 5, 2017. Therefore, his motion is not timely under § 2255(f)(1).

In addition, as the Government notes, the doctrine announced in *Mathis v. United States*, 136 S.Ct. 2243 (2016) did not create a new rule of law made retroactively applicable on collateral review. *See, e.g., Sandlein v. United States*, 2017 WL 2002005 at * 5 (E.D. Mich. 2017); *King v. Terris,* 2017 WL 3263446 at * 3 (E.D. Mich. 2017); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Thus, Lewis's motion is not timely under § 2255 (f)(3).

Accordingly, the Court DENIES Lewis's § 2255 motion as untimely and DECLINES to

issue him a certificate of appealability.

       IT IS SO ORDERED.

Dated: October 26, 2017                                s/Sean F. Cox
                                                            Sean F. Cox
                                                            U. S. District Judge

I hereby certify that on October 26, 2017, the foregoing document was served on counsel of record via electronic means and upon Marcus Deangelo Lewis via First Class mail at the address below:

Marcus Deangelo Lewis 12882-039
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                                                            s/J. McCoy
                                                            Case Manager